IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:98-922-HMH |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| John Clarence Johnson, Jr., | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on John Clarence Johnson, Jr.'s ("Johnson") motion for reentry of judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Johnson alleges that he did not receive the court's November 21, 2006, order construing Johnson's Rule 60(b)(4) motion as a 28 U.S.C. § 2255 motion and denying the § 2255 motion until March 14, 2007. Therefore, Johnson alleges that he was unable to timely appeal the court's order. The court construes Johnson's motion as a motion to file an out-of-time appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

In his motion, Johnson alleges that he did not receive notice of entry of the court's order until March 14, 2007. On January 12, 2007, Johnson sent a letter requesting docket sheets in this case. The docket sheets were forwarded to Johnson on January 16, 2007. On March 6, 2007, Johnson filed a pro se motion requesting a copy of the court's November 21, 2006, order. The order was mailed to Johnson on March 9, 2007.

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides that

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

1

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Johnson filed his motion within 180 days after the November Order.  However, Johnson did not file his motion within seven days of receipt of notice of the entry.  Johnson admits that he received the court's order on March 14, 2007.  However, Johnson did not file the instant motion until May 10, 2007.[1]  See e.g., Naragon v. Lee, No. 03-7489, 2004 WL 98680, at *1 (4th Cir. Jan. 22, 2004) (unpublished).   Based on the foregoing, the court finds that Johnson has failed to meet the requirements for granting an extension under Rule 4(a)(6).  Therefore, it is

**ORDERED** that Johnson's motion to file an out-of-time appeal, docket number 89, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 21, 2007

---

[1]Houston v. Lack, 487 U.S. 266 (1988)

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.